FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| CLEANNET USA, INC. | * | 2009 NOV -4 P 3: 31 |
| 9861 Broken Land Parkway | | |
| Suite 208 | * | CLERK US DISTRICT COURT |
| Columbia, Maryland 21046 | | ALEXANDRIA, VIRGINIA |
| | | |
| And | * | |
| | | |
| CLEANNET OF BALTIMORE- | * | |
| WASHINGTON, INC. | | |
| 9861 Broken Land Parkway | * | |
| Suite 208 | | |
| Columbia, Maryland 21046 | * | |
| | | |
| Plaintiffs | * | |
| | | |
| v. | * | Case No. 1:09 cv 1237 |
| | | TSE/ TRJ |
| MARIELA CARCAMO | * | |
| a/k/a Mariela Barboza | | |
| 2208 North Pickett Street | * | |
| Apartment 102 | | |
| Alexandria, Virginia 22304 | * | |
| | | |
| And | * | |
| | | |
| FABEE'S USA SERVICES, INC. | * | |
| 14194 Hunters Run Way | | |
| Gainesville, Virginia 20155 | * | |
| | | |
| SERVE ON: | * | |
| Christian Lecca | | |
| Registered Agent | * | |
| 14194 Hunters Run Way | | |
| Gainesville, Virginia 20155 | * | |
| | | |
| And | * | |
| | | |
| LIZANETH LECCA | * | |
| 14194 Hunters Run Way | | |
| Gainesville, Virginia 20155 | * | |
| | | |
| And | * | |

CHRISTIAN LECCA        *
   14194 Hunters Run Way
   Gainesville, Virginia 20155     *

       Defendants       *

## COMPLAINT

Plaintiffs CleanNet U.S.A., Inc. ("CUSA"), and CleanNet of Baltimore-Washington, Inc. ("CBWI"), through their undersigned counsel, file this Complaint against Defendants Mariela Carcamo, a/k/a Mariela Barboza, Fabee's USA Services, Inc. ("Fabee's"), Lizaneth Lecca, and Christian Lecca and, in support thereof, state as follows:

### INTRODUCTORY STATEMENT

1.     The Plaintiff companies, CleanNet U.S.A., Inc., and CleanNet of Baltimore-Washington, Inc., are Maryland corporations. Both Plaintiffs are engaged generally in the commercial cleaning franchise industry. Individual Defendant Mariela Carcamo is a former Quality Control supervisor of Plaintiff CleanNet of Baltimore-Washington, Inc. In that position, Carcamo had access to confidential contract, bid, proposal, pricing, billing, service requirements, and customer contact information, as well as the use of proprietary CUSA documents and materials. Defendant Carcamo has, since at least approximately August of 2008, engaged in numerous acts involving the misappropriation and misuse of Plaintiffs' trade secrets, diversion of business opportunities and violation of contractual covenants relating to nondisclosure of confidential information. Based on these breaches of contractual obligations and these common law and statutory business torts, Plaintiffs seek money damages and injunctive relief against individual Defendant Carcamo. In addition, Plaintiffs bring this action against Christian Lecca, Lizaneth Lecca, and Fabee's USA Services, Inc., a Virginia corporation formed, owned and operated by individual Defendants Christian Lecca and Lizaneth Lecca in conspiracy with

2

Defendant Carcamo as a vehicle to engage in the wrongful conduct alleged herein against Defendant Carcamo. Plaintiffs likewise seek money damages against Defendants Fabee's USA Services, Inc. and Lizaneth Lecca and Christian Lecca.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338, because the case arises in part under the U.S. Copyright Law, 17 U.S.C. §§ 101 *et seq.*

3. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332(a)(3) because: (i) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs; (ii) the suit is between citizens of different States; and (iii) citizens or subjects of a foreign state are additional parties.

4. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the law of the Commonwealth of Virginia pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because such claims are so related to the copyright and federal question claims that they form part of the same case or controversy.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because: (a) the acts of infringement and other wrongful conduct alleged occurred in the Eastern District of Virginia; (b) Defendants may be found in the Eastern District of Virginia; and (c) Defendants have a sufficient connection with the Eastern District of Virginia to make venue proper in this district all as alleged in this Complaint.

**THE PARTIES**

6.     Plaintiffs CleanNet U.S.A., Inc., and CleanNet of Baltimore-Washington, Inc., are closely held Maryland corporations with a principal place of business located at 9861 Broken Land Parkway, Suite 208, Columbia, Maryland 21046.

7.     Defendant Mariela Carcamo is an adult resident of the City of Alexandria, Virginia, residing at 2208 North Pickett Street, Apartment 102, Alexandria, Virginia 22304.

8.     Defendant Christian Lecca is an adult resident of Gainesville, Prince William County, Virginia, residing at 14194 Hunters Run Way, Gainesville, Virginia 20155.

9.     Defendant Lizaneth Lecca is an adult resident of Gainesville, Prince William County, Virginia, residing at 14194 Hunters Run Way, Gainesville, Virginia 20155.

10.     Defendant Fabee's USA Services, Inc., is a Virginia corporation formed, owned, and operated by the individual Defendants Lizaneth Lecca and Christian Lecca, in conjunction with Defendant Carcamo, who acts as the company's Operations Manager. Its principal place of business is located at 14194 Hunters Run Way, Gainesville, Virginia 20155.

**FACTS COMMON TO ALL COUNTS**

11.     On or about December 8, 2006, CBWI hired Defendant Carcamo as a quality control inspector based in CBWI's Columbia, Maryland office.

12.     At the time of her employment, Carcamo signed a confidentiality agreement with CBWI in the form attached hereto as Exhibit 1.

13.     During her employment, Carcamo was given a great deal of Plaintiffs' confidential and proprietary information.

14.     The confidentiality agreement that she signed contained a covenant not to compete, a clause preventing the use of proprietary materials after employment ends, a

4

prohibition after employment ceased from soliciting customers, franchisees or employees of CleanNet, and a provision regarding trade secrets. *See id.*

15.     The non-compete portion of the confidentiality agreement is effective for two years from the termination of employment and a radius of 50 miles from the CleanNet office in which Carcamo was employed, which is located in Columbia, Maryland.  Although Gainesville, Virginia – the location of Defendant Fabee's principal place of business – is just over 60 miles from Plaintiffs' office, the territory in which Fabee's is operating, including other parts of Northern Virginia, are well within this geographic boundary.

16.     Defendant Carcamo serviced many customers and franchisees of CBWI in the Northern Virginia area.

17.     On or about December 11, 2008, Carcamo submitted her voluntary resignation. She engaged in no work on behalf of CleanNet after December 11, 2008.

18.     Within a month after Carcamo's resignation, CBWI learned that Carcamo was contacting current CBWI customers in violation of her two-year confidentiality agreement.

19.     In January of 2009, Plaintiffs sent Carcamo a letter reminding her of her obligations and warning her to cease engaging in any activities that violated her agreements with Plaintiffs or Plaintiffs' legal rights. *See* Exhibit 2.

20.     In late October of 2009, a franchisee of CBWI, informed Plaintiffs that Defendant Carcamo, while working as operations manager for Defendant Fabee's USA Services, Inc., was soliciting CBWI accounts and offering the work to CBWI franchisees.

21.     Fabee's was formed in August 2008 by Defendant Christian Lecca.  A relative of his, believed to be his sister, Defendant Lizaneth Lecca, is purportedly the owner of the company.

22. On information and belief, Carcamo conspired with the Leccas to launch Fabee's in late 2008 by stealing Plaintiff's contract, proposal, scheduling, pricing, and servicing documents, as well as CBWI's customer list and confidential contract information regarding customers.

23. On information and belief, these plans were made in the months leading up to Carcamo's resignation in December 2008.

24. The operation of Fabee's by Defendant Carcamo, and her assistance to Defendants Christian Lecca and Lizaneth Lecca, are direct and clear violations of her obligations under her confidentiality agreement with CBWI.

25. At present, Plaintiffs believe that Fabee's, through the unlawful conduct of Carcamo in conspiracy with the Leccas, has taken at least five valuable commercial cleaning accounts from CBWI. On information and belief, Defendants have taken business from Plaintiffs that exceeds $10,000 per month. CBWI operates under annual contracts, and thus these accounts total at least $120,000 in lost revenue for a one-year period alone. Some of the accounts CBWI had retained for a number of years. Plaintiffs anticipate that the actual injury caused by Defendants' unlawful conduct will greatly exceed $120,000.

26. On information and belief, Defendants have most recently taken the Seven Corners Day Care account, a business which Plaintiff CBWI had serviced for many years.

27. As provided in the confidentiality agreements, Plaintiffs' customer lists and contact information are confidential business records, and, under the Uniform Trade Secrets Act, and laws of Maryland and Virginia, constitute protected trade secrets.

28.     Defendants have misappropriated and misused CUSA's trade secrets and other confidential business information in order to divert commercial cleaning contracts, which are of great value and critical importance to Plaintiffs' business.

29.     In addition to constituting theft and misuse of trade secrets, in violation of applicable statutory prohibitions, the actions of Carcamo violate her contractual commitments to Plaintiffs in her confidentiality agreement.

30.     Furthermore, the actions of Carcamo constitute violations of her non-competition covenant with CUSA.

31.     Unless Defendants are enjoined and restrained from their wrongful conduct, Plaintiffs will be irreparably harmed.

32.     Defendants Christian Lecca and Lizaneth Lecca, in conspiracy with Carcamo, knowingly, intentionally, and for the purpose of engaging in acts of unfair competition, theft of trade secrets, and violation of Carcamo's covenants and contractual commitments to CUSA, formed and operated, and continue to operate, Defendant Fabee's, and have used that company unlawfully to enter into numerous commercial cleaning contracts with Plaintiffs' former customers.

33.     During her employment at CBWI, Carcamo had access to and utilized many proprietary documents developed and used by Plaintiffs at significant expense to CUSA.

34.     Defendants, operating as Fabee's, are using Plaintiffs' proprietary documents, without permission, consent or authority and in violation of CUSA's rights.

35.     Specifically, the Cleaning Service Agreement and Special Service Agreement forms utilized by Defendants, contain the precise language created by and developed by CUSA.

36. An example of Defendants' use of CUSA's Cleaning Service and Special Service Agreements is attached hereto as Exhibit 3.

37. Most of the key provisions of these agreements are identical to the copyrighted CUSA agreement created, developed, and utilized by CUSA and CBWI.

38. Unless Defendants are enjoined and restrained from their infringing conduct as aforesaid, Plaintiffs will continue to be injured.

## FACTS PERTAINING TO COPYRIGHT CLAIM

39. Since 1987, CUSA has developed an entire system of proprietary materials, including custom software, business, marketing, scheduling, pricing, and sales systems. Among these proprietary materials are confidential manuals. Other documents in which CUSA has proprietary rights are contract documents.

40. Two of CUSA's proprietary documents are its Cleaning Service Agreement and its Special Service Agreement.

41. Plaintiff CUSA's Cleaning Service Agreement is an original work of authorship, created by CUSA for use by CBWI and other entities under license with CUSA.

42. The various options included in the Cleaning Service Agreement, the layout of the agreement, its simplicity of use for the benefit of the prospective customer, and its plain language are all intended to make doing business with a CleanNet company more desirable and efficient for the customer.

43. The Fabee's USA Services, Inc. Agreement is identical in most material respects to the CUSA Cleaning Service Agreement.

44. Defendant Carcamo had access to the CleanNet Cleaning Service Agreement during her employment at CBWI.

8

45.     On information and belief, Carcamo and the Leccas used the CleanNet Cleaning Service Agreement to create a template agreement for Fabee's USA Services, Inc. In doing so, they have infringed on CUSA's copyright in the contract document.

46.     In addition, CUSA owns the copyright to a contract document called a "CleanNet Special Service Agreement" ("SPA").

47.     The SPA likewise contains important contract terms in plain language and in a format designed to facilitate dealings with customers and prospective customers.

48.     Fabee's is using a special service agreement with its customers.

49.     The language, format, terms, and configuration of the Fabee's special service agreement is, in all material respects, the same as CUSA's SPA.

50.     On information and belief, Defendants have infringed on CUSA's copyright in the SPA in the same manner and for the same purpose as their infringement with respect to the Cleaning Service Agreement.

51.     On November 3, 2009, Plaintiff CUSA filed expedited applications at the United States Copyright Office, Applications No. 1-271634871, requesting registration of its Cleaning Service Agreement and its Special Service Agreement. A print-out of the electronic filing receipt, case information and tracking data for that application are appended to this Complaint as Exhibit 4.

## COUNT I
## MISAPPROPRIATION OF TRADE SECRETS
### (against all Defendants)

52.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 above.

53.     The conduct of Carcamo constitutes misappropriation of CUSA's trade secrets in violation of the Virginia Uniform Trade Secrets Act, Va. Code Ann. Chapter 26, Sections 59.1-336 through 59.1-343.

54.     By virtue of the wrongful conduct of Carcamo, Plaintiffs have been damaged through loss of contracts for commercial cleaning services, loss of goodwill, and other injuries the extent and amount of which will be proven at trial.

55.     Defendants wrongful conduct has resulted directly in the loss of commercial cleaning contracts valued at not less than $10,000 per month for at least a one-year period.

56.     These customer relationships were only known to Carcamo, and thereby to Fabee's, as a result of Carcamo's employment as a quality control inspector of CBWI.

57.     Defendants have also interfered with Plaintiffs' franchisee and contractor relationships, through the misappropriation and misuse of confidential information and trade secrets, in violation of the Virginia Uniform Trade Secrets Act.

58.     Through these and other violative acts to be proven at trial, Plaintiffs have been damaged and continue to be damaged.

59.     Defendants' acts constitute knowing, intentional, willful and malicious misappropriation of Plaintiffs' trade secrets, empowering this Court to award Plaintiffs their reasonable attorneys' fees herein.

60.     Defendants acted with malice or reckless indifference to Plaintiffs' rights, and, thus, Plaintiffs are entitled to an award of punitive damages.

**COUNT II**
**BREACH OF CONTRACT**
**(against Defendant Carcamo)**

61.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 60 above.

62.     The conduct of Carcamo constitutes a breach of her contractual obligations to refrain from competing within the geographical limits delineated in the confidentiality agreements.

63.     The conduct of Carcamo further constitutes a breach of her contractual obligations not to misappropriate Plaintiffs' confidential information, and to refrain from soliciting or otherwise interfering in the relationships with Plaintiffs' customers, contractors and franchisees.

64.     By virtue of the wrongful conduct of Carcamo, as alleged, Plaintiffs have been damaged through loss of contracts for commercial cleaning services, loss of goodwill, and other injuries the extent and amount of which will be proven at trial.

65.     Defendants acted with malice or reckless indifference to Plaintiffs' rights, and, thus, Plaintiffs are entitled to an award of punitive damages.

## COUNT III
## INJUNCTIVE RELIEF
### (against all Defendants)

66.     Plaintiffs incorporate by reference the allegations contained in paragraphs through 65 above.

67.     The conduct of Defendant Carcamo, in concert with the other Defendants, as alleged, is in clear violation of both statutory and contractual obligations that she has to Plaintiffs.

11

68.     Defendants' continued wrongful conduct has caused and is causing immediate injury to Plaintiffs' business relationships, commercial contracts, relationships with franchisees, employees and contractors, and other valuable and protected business relationships.

69.     Some of the injuries being knowingly and intentionally inflicted on Plaintiffs cannot be remedied through money damages.

70.     Furthermore, unless their conduct is enjoined by this Court, Defendants will continue to interfere unlawfully with Plaintiffs' legitimate business pursuits, including the wrongful use of proprietary information belonging to Plaintiffs and the misappropriation and wrongful disclosure of confidential information and trade secrets belonging to CUSA.

71.     As a further basis for Plaintiffs' cause of action, Plaintiff seeks judicial protection of its trade secrets pursuant to the Uniform Trade Secrets Act, Va. Code Ann. Section 59.1-337, which provides for injunctive relief to prevent misappropriation of trade secrets.

72.     Under these circumstances, Plaintiffs are entitled to appropriate injunctive relief restraining Defendants from (a) misuse of Plaintiffs' trade secrets and confidential information; (b) violation of Carcamo's noncompetition, nondisclosure and nonsolicitation covenants; and (c) such other relief as discovery demonstrates to be appropriate.

### COUNT VI
### COPYRIGHT INFRINGEMENT
(against all Defendants)

73.     Plaintiffs repeat and incorporate by reference each and every allegation set forth in Paragraphs 1 through 72 above, inclusive.

74.     Plaintiff CUSA is the sole owner of contract documents called a "CleanNet Cleaning Service Agreement" and a "CleanNet Special Service Agreement", which contain

important contract terms in plain language and in a format designed to facilitate dealings with customers and prospective customers.

75.     Defendants have infringed the copyrights in Plaintiff CUSA's Cleaning Service Agreement and Special Service Agreement by copying Plaintiff's original works of authorship and distributing infringing materials in the United States without approval or authorization from Plaintiff.

76.     Defendants' conduct has been willful within the meaning of the Copyright Act. Act a minimum, Defendants acted with willful blindness to and in reckless disregard of Plaintiff's registered copyright.

77.     As a result of Defendants' wrongful conduct, Defendants are liable to Plaintiff CUSA for copyright infringement under 17 U.S.C. § 501. Plaintiff CUSA has suffered damages. Plaintiff CUSA has suffered, and will continue to suffer, substantial losses, including but not limited to, damage to its business reputation and goodwill. Plaintiff CUSA is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of their wrongful conduct, as provided by 17 U.S.C. § 504(c).

78.     In addition, because Defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c).

79.     Plaintiff CUSA is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.SC. § 503. Plaintiff CUSA has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) Plaintiff CUSA's copyright is unique and valuable property which has no readily determinable market value, (b) Defendants' infringement harms Plaintiff CUSA's business reputation and goodwill such that Plaintiff CUSA could not be made whole by any monetary

13

award, and (c) Defendants' wrongful conduct and the resulting damage to Plaintiff CUSA, is continuing.

80. Plaintiff CUSA is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**COUNT V**
**TORTIOUS INTERFERENCE WITH CONTRACTUAL AND BUSINESS RELATIONS**
**(against all Defendants)**

81. Plaintiffs repeat and incorporate by reference each and every allegation set forth in Paragraphs 1 through 80 above, inclusive.

82. Defendants have used unlawful means to solicit customers of CBWI, including misappropriated trade secrets, copyrighted materials, and confidential information.

83. Defendants have entered into contracts with customers of CBWI, which required those customers to sever their business relationships with CBWI, all at the wrongful inducement of Defendants.

84. Defendants have wrongfully approached franchisees of CBWI in an effort to enlist their services in cleaning the facilities of the CBWI customers.

85. Defendants engaged in this wrongful conduct with actual or constructive knowledge of its wrongfulness.

86. Defendants engaged in this wrongful conduct with full knowledge that CBWI would be damaged thereby.

87. Specifically, as a result of Defendants' conduct, customers of CBWI have terminated their cleaning contracts and have entered into contracts with Fabee's USA Services, Inc.

88.     In addition, Defendants have used CUSA's proprietary materials to further their wrongful solicitations and contract procurement.

89.     Plaintiffs have been damaged as a proximate result of Defendants' wrongful conduct.

90.     The actions by Defendants constitute tortious interference with contractual and business relations.

91.     Defendants acted with malice or reckless indifference to Plaintiffs' rights, and, thus, Plaintiffs are entitled to an award of punitive damages.

WHEREFORE, Plaintiffs CleanNet USA, Inc. and CleanNet of Baltimore-Washington, Inc. pray that the Court enter judgment in their favor and against Defendants Mariela Carcamo, a/k/a Mariela Barboza, Fabee's USA Services, Inc., Lizaneth Lecca and Christian Lecca, as follows:

A.      On Count I, against Defendants, in compensatory money damages in an amount to be proven at trial, plus punitive damages, exemplary damages, and attorneys' fees pursuant to Va. Code Ann. Section 59.1-338.1;

B.      On Count II, against Carcamo, in money damages in an amount to be proven at trial in addition to punitive damages;

C.      On Count III, against all Defendants, for injunctive relief enjoining and restraining Defendants from, further misappropriation and misuse of Plaintiffs' trade secrets and confidential information, further unlawful solicitation of Plaintiffs' customers, employees, franchisees and contractors, and further violative acts of competition in breach of Carcamo's contractual obligations, as well as an order compelling the return of any property or information belonging to Plaintiffs;

D.    On Count IV, against all Defendants, for injunctive relief and general, special, actual and statutory damages, based on the finding that Defendants have willfully infringed upon Plaintiffs' rights by violating federally registered copyrights in violation of 17 U.S.C. § 501 *et seq*;

E.    On Count V, against all Defendants, for injunctive relief enjoining and restraining Defendants from further unlawful solicitation of Plaintiffs' customers, employees, franchisees and contractors, and further violative acts of competition in breach of Carcamo's contractual obligations, and money damages in an amount to be proven at trial as well as punitive damages;

F.    Such other and further relief as the Court deems just in the circumstances.

Respectfully submitted,

CLEANNET USA, INC.
CLEANNET OF BALTIMORE-WASHINGTON, INC.

By Counsel

Joleen Okun (Bar No. 73283)
Kevin E. Byrnes (Bar No. 47623)
Benjamin W. Hahn
Schnader Harrison Segal & Lewis LLP
750 9th Street NW, Suite 550
Washington, DC 20001
Phone: 202.419.4205
Fax: 202.419.4255
jokun@schnader.com